■ In the Matter of ALBERT MOSHER, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [631 NYS2d 29] —Judgment (denominated order), Supreme Court, New York County (Walter Tolub, J.), entered December 21, 1993, which denied petitioner's motion to restore his 1984 CPLR article 78 proceeding to the trial calendar, or in the alternative to compel a decision by the IAS Court on the merits of the petition, and granted respondents' cross motion to dismiss the petition for failure to prosecute, unanimously reversed, on the law, the facts, and as a matter of discretion, without costs, the petition reinstated and the matter remanded for further proceedings and a determination of the petition on its merits.

The motion was incorrectly treated as one to restore the proceeding to the calendar, and to the extent the IAS Court decision dismissing the petition focuses on petitioner's failure to prosecute this action, its emphasis was misplaced. Rather, the motion was brought to achieve the delicate task of compelling a court to do what it is obligated to do, render a decision in all matters submitted to it for determination. Here, the record in this article 78 proceeding was submitted to a different Justice of the Supreme Court for determination in 1984 and a decision on the merits has yet to be rendered.

Under all the particular circumstances of this matter, it would be fundamentally unfair to the petitioner should he be

forced to exclusively bear the burden of excusing the nine-year delay. While partially the fault of both the petitioner and respondents, the bulk of the delay is due to the oversight of the previously assigned IAS Court in failing to render a timely decision on the merits of the petition once it was submitted. The proceeding was commenced on or about April 16, 1984, when petitioner, a retired New York City police officer, served and filed a petition seeking to change his status from ordinary retirement to accident disability. Respondents served and filed a verified answer on or about June 9, 1984. The matter was then placed on the court's calendar for September 14, 1984, and then adjourned until September 24, 1984.

When respondents' counsel failed to appear on the adjourned date, Supreme Court originally granted the petition on default. On or about December 13, 1984, the court, after being presented with a proposed judgment and a proposed counter order, *sua sponte*, vacated the default, accepted respondents' answer as previously filed, and granted petitioner time to file reply papers. Petitioner's counsel did not file reply papers, whereupon the court should have decided the matter on its merits. It did not. Rather, the proceeding lay dormant until the making of the motion that resulted in the judgment now appealed.

Although petitioner clearly should have been more vigilant in pursuing his claim, respondents point to no statutory mandate that once having submitted his papers, petitioner was under some kind of obligation to remind the court of its duty to timely render decisions on submitted matters. Furthermore, respondents should not unfairly benefit from the administrative failure of the court below, particularly when in the course of the same action they have already benefitted from the court's largesse in *sua sponte* excusing their own failure to appear. Nor are we persuaded by respondents' argument that they have been prejudiced by the delay. This is an article 78 proceeding to be decided on a record that was completely before the court in 1984. Petitioner had no obligation to file reply papers. Moreover, it is still petitioner who has the burden of proof to show that the agency determination was arbitrary and capricious (*Matter of Pell v Board of Educ.*, 34 NY2d 222) and should petitioner prevail, any award of interest will, as he concedes, be discretionary rather than statutorily mandated. Accordingly, we reverse and remand for a determination of the petition on its merits. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.